## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket Nos. 42091 & 42101

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 309 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 15, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ADAM WENDELL HARPER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order revoking probation and execution of sentence of five years, with minimum period of confinement of two years, for removing a firearm from a law enforcement officer, <u>affirmed</u>; judgment of conviction and unified sentence of four and one-half years, with a minimum period of confinement of six months, for injury to a child, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

In Docket No. 42091, Adam Wendell Harper pled guilty to removing a firearm from a law enforcement officer. I.C. § 18-915A. The district court sentenced Harper to a unified term of five years, with a minimum period of confinement of two years, but after a period of retained jurisdiction, suspended the sentence and placed Harper on probation. Subsequently, Harper admitted to violating the terms of the probation, and the district court revoked probation, but

retained jurisdiction. After completion of the retained jurisdiction program, the district court again suspended the sentence and placed Harper on probation.

In Docket No. 42101, Harper pled guilty to an amended charge of felony injury to a child. I.C. § 18-1501. Pursuant to a plea agreement in both cases, Harper admitted to violating the terms of his probation in Docket No. 42091. The district court revoked Harper's probation and ordered execution of his original sentence. In Docket No. 42101, the district court sentenced Harper to a unified term of four and one-half years, with a minimum period of confinement of six months, to run concurrent with Harper's sentence in Docket No. 42091. Harper filed I.C.R. 35 motions for reduction of his sentences, which the district court denied.

Harper appeals, contending that the district court abused its discretion in revoking probation and that his sentences are excessive because the district court should have again placed him on probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Harper's sentences. Therefore, the order revoking probation and directing execution of Harper's previously suspended sentence for removing a firearm from a law enforcement officer and the judgment of conviction and sentence for injury to a child are affirmed.